## Frank Calvano v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Frank Calvano, Appellant.

Argued December 9, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Donetta W. Ambrose,* with her *Ambrose & Ambrose,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sandra S. Christianson,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 16, 1977:

Frank Calvano (claimant) appeals here from an order of the Unemployment Compensation Board of

Review (Board) which affirmed a referee's decision to deny him unemployment compensation benefits because he was not available for work as required by Section 401(d) of the Unemployment Compensation Law,[1] 43 P.S. §801(d). He had applied for benefits in July 1975 after having been last employed in Germany by the United States Department of Defense as a school guidance counselor. His work was finished with the end of the school term on June 13, 1975, and he had then been placed on leave without pay for the summer.

In an unemployment compensation case, review by this Court is limited to questions of law and a determination of whether or not the findings of the Board are supported by substantial evidence, giving to the party prevailing below the benefit of all reasonable and logical inferences. *Unemployment Compensation Board of Review v. Kessler*, 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976). The claimant argues here that (1) the referee's findings of fact relied upon by the Board are not supported by substantial evidence and (2) the Board erred as a matter of law in concluding that he was unavailable for employment.

We have previously held that the question of a claimant's availability for work in an unemployment compensation case is one of fact for the Board. *Unemployment Compensation Board of Review v. Smith*, 25 Pa. Commonwealth Ct. 471, 360 A.2d 833 (1976), and the Board here relied upon the following findings of fact made by the referee:

> 3. The claimant intends to return to be a guidance counselor for the Department of Defense at the beginning of the new school year.

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

4. The claimant will be available for work only during the summer months on a temporary basis.

These findings had been made by the referee on the basis of statements made by the claimant himself in his application for benefits and in his testimony at the hearing where he said that it was his intention to return to his position in Germany with the start of the new school year in August unless he found another job in Pennsylvania before that time. The referee believed, therefore, that the claimant intended to return to Germany at the end of the summer and that he would actually be available for work only during the summer months. We held in *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974), that questions of credibility and the resolution of conflicts in the evidence are for the fact-finder, not for the reviewing court and, in this situation, the findings of the referee as affirmed by the Board are binding on us and we may not disturb them. *Gensheimer v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 62, 317 A.2d 350 (1974).

The claimant also argues that the Board made an error of law in concluding that he was not available for work as required by Section 401(d),[2] specifically that, because he was unemployed and looking for work at the actual time he applied for benefits, he was at that time available for work within the meaning of the statute. The referee found, however, that the claimant intended to return to his school position at the end of the summer and that he was available for

---

[2] Section 401 provides in pertinent part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work. . . .

work only during the summer months. This finding accords with our previous holding in *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), that school employees are ineligible for unemployment benefits during the summer months because they are not then available for suitable work without limitation and they are not, therefore, actually and permanently attached to the labor force. We believe that *Chickey, supra,* is controlling here.

The order of the Board is, therefore, affirmed.

ORDER

AND Now, this 16th day of February, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Frank Calvano is hereby affirmed.