Nancy R. Ritter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*George H. Hoffman,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, February 28, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board) dated November 4, 1976. The Board's order denies benefits to Nancy R. Ritter (Claimant) because she was not available for work as required by Section 401(d) of the Unemployment Compensation Law,[1] 43 P.S. §801(d).

Claimant had been employed by the West Mifflin School District, Allegheny County, Pennsylvania, as a permanent substitute teacher, without a contract, until June 6, 1975, at which time she had a valid termination of her employment and began receiving unemployment compensation benefits.

On July 14, 1975, Claimant signed a contract with the School District to work as a full-time teacher beginning on August 28, 1975. On September 12, 1975, the Bureau of Employment Security issued a determination that Claimant was ineligible for benefits subsequent to July 14, 1975, the date she signed her teaching contract. The Claimant appealed the Bureau deci-

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

sion. After a full hearing, the referee issued an order on November 6, 1975, affirming the Bureau's determination. The Claimant thereupon appealed the referee's order, and after considering the entire record, the Board affirmed the referee's decision.

At the hearing before the referee, Claimant testified that after she signed her contract on July 14, 1975, she would not have accepted any employment which would have interfered with the effective starting date of her teaching position on August 28, 1975.

The Board concluded that after July 14, 1975, the Claimant exhibited an unwillingness to accept permanent suitable employment with another employer unless she could return to her employment with the West Mifflin School District on August 12, 1975.

We have held that a Claimant, in order to qualify for unemployment compensation benefits, must demonstrate a willingness to accept permanent suitable employment with another employer without being subject to recall. *Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974). In *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977), we held, in an opinion by Judge BLATT, that "school employees are ineligible for unemployment benefits during the summer months because they are not then available for suitable work without limitation and they are not, therefore, actually and permanently attached to the labor force."

In the instant case, by her own admission, Claimant was not genuinely and realistically attached to the labor force and, therefore, was not available for suitable work as required by Section 401(d) of the law.

The order of the Board is supported by substantial evidence. We affirm.

ORDER

AND Now, this 28th day of February, 1978, the order of the Unemployment Compensation Board of Review denying benefits to Nancy R. Ritter is hereby affirmed.