Denise E. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1978, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*Jack J. Hetherington,* with him *F. Charles Petrillo,* for appellant.

*Bernadette Duncan,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Wilkinson, Jr., April 4, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision denying claimant's application for benefits. The sole issue before us is whether the claimant was available for work within the meaning of Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). We affirm the Board.

Claimant was employed as teacher's aide by the Monroe County Head Start program, having worked at this position for two school terms. Claimant applied for benefits on June 30, 1976, her last day of employment during the 1975-76 school year. At that time, she completed an availability questionnaire on which she indicated that she would not accept employ-

ment that summer, that she did not plan on looking for work, and that she expected to return to her school job at the end of summer. The Bureau of Employment Security then denied claimant's application, finding that she was unavailable for work within the meaning of Section 401(d) of the Law, 43 P.S. §801(d).

The claimant then appealed, and a hearing was held before a referee. At the hearing the claimant testified that she was mistaken when she filled out the availability questionnaire. She further testified that she was available for work, that she would accept a job that extended beyond the opening of the school term, and that she had no contract with the Head Start program to return to work in September. At the same time, however, the claimant also testified that she had told her employer she would go back with the program, and that she had made an agreement to go back. The referee and the Board, whose duty it is to resolve any conflicts in the testimony, found that although the claimant had no contractual agreement to return to work for the program, she did expect to return to work there that fall. The referee denied benefits, stating that claimant had restricted her availability to summer work only and therefore was not available for work within the meaning of Section 401(d) of the Law, 43 P.S. §801(d). The Board affirmed the referee's decision disallowing benefits to claimant under the provisions of Section 502 of the Law, 43. P.S. §822.

In a recent opinion by Judge DiSALLE, *Ritter v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 68, 382 A.2d 1255 (1978), this Court reaffirmed its holding in *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977). In that case Judge BLATT stated that "school employees are ineligible for unemployment benefits during the summer months because they are not, therefore, actually and

permanently attached to the labor force." *Calvano, supra* at 83, 368 A.2d at 1369; *see also, Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). Since the Board found in this case that the claimant intended to return to work for the Head Start program at the end of the summer, we must affirm the denial of benefits on the grounds that the claimant was not available for work as required by Section 401(d) of the Law, 43 P.S. §801(d).

Accordingly, we will enter the following

ORDER

AND Now, April 4, 1978, the decision of the Unemployment Compensation Board of Review, No. B-139405, dated January 10, 1977, is affirmed.