Vyolet P. Dils, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Thomas J. Kalman,* with him *Kalman & Votilla,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., November 1, 1978:

Vyolet P. Dils (Claimant/Appellant) appeals a decision of the Unemployment Compensation Board of Review (Board) which reinstated its earlier decision affirming the referee who had affirmed the denial of benefits.

Claimant was employed as a teacher's aide without a contract by the Albert Gallatin School District (District) for approximately nine years. As with all non-professional employees of the District, she was employed during the school term, laid off during the summer vacation period, and, depending upon the District's needs, rehired at the start of the succeeding school year. At the close of the 1975-76 school term, Claimant applied for unemployment compensation benefits which were denied ostensibly because Claimant was neither available for work nor realistically attached to the labor force as required by Section 401(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). At a hearing before the referee, Claimant testified that, if rehired, she would return to the District's employ at the start of the 1976-77 school term regardless of whether she secured other employment. Relying upon this testimony, both the referee and subsequently the Board upheld the denial of benefits. A petition for rehearing was granted by the Board which reconsidered the evidence, but again concluded that Claimant's testimony precluded the award of benefits.

Claimant now comes to us and concludes that, because she had no guarantee of rehire, she was genuinely unemployed and available for work. She argues that the cases relied on by the Board[1] are factually inapposite to the case at hand and distinguishable because in each of those cases, the unsuccessful claimants knew that they had a job to return to on a date certain. Here, so says Claimant, there was no assurance of rehire and without such assurance, she could not be considered unavailable for work.

While Claimant's argument merits our very careful consideration, we cannot ignore her own testimony manifesting the intention to return to her job with the District should she be rehired. It is well settled that in establishing conditions and limitations to employment, one may render herself unavailable for work. *See Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). Because Claimant limited her period of possible employment to the summer months or until such time as she was rehired by the District, she unreasonably restricted her employability and therefore rendered herself unavailable for work.

Accordingly, we

ORDER

AND Now, this 1st day of November, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.

---

[1] *Greer v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 682, 383 A.2d 1327 (1978) ; *Ritter v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 68, 382 A.2d 1255 (1978) ; *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977) ; *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975).