Joanna Davis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*James H. English,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 11, 1978:

Joanna Davis (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her benefits under Section 401(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). We affirm.

The claimant was employed as a cafeteria worker for the Altoona Area School District (District) for three years prior to the present controversy. As in the past, on June 8, 1976, school closed and claimant was laid off for the summer. She promptly filed an application for Special Unemployment Assistance (SUA) benefits.[1] The Bureau of Employment Security denied her claim, on the basis that she was unavailable for suitable work, citing Section 401(d) of the Act. The referee and the Board, relying respectively on *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), and *Calvano v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977), affirmed, finding that claimant expected to return to work with the District in the fall. After a petition for reconsideration and oral argument by the

---

[1] The claim was filed pursuant to Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C.A. §3304. While claimant's initial eligibility must be determined by reference to this Act, the ultimate eligibility for SUA benefits is based on applicable state standards, including those pertaining to a claimant's availability.

claimant, the Board reaffirmed its decision and this appeal followed.

Claimant seeks to distinguish our decision in *Chickey, supra,* where we held that school employees who expected and desired to return to work with their employers at the end of a summer or vacation recess are "unavailable for suitable work" under Section 401(d) of the Act. As noted in *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978), the status of employees of educational institutions is unique, being analogous to that of students. *See, e.g., Claim of Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976); *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). Such treatment conforms with the Legislature's intent not to subsidize the vacation periods of those who know well in advance that they may be laid off for certain specified periods. *See, e.g., Minnick v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 648, 388 A.2d 798 (1978). As stated in *Chickey, supra.*

> [i]n effect what the employes in this case are requesting is that the government should provide them with a full year's income because they have agreed to work and be paid for only 44 weeks of each year.

*Id.* at 494, 332 A.2d at 857.

Indeed, an analysis of the cases following *Chickey* indicate that educational personnel are normally ineligible for benefits during a prescheduled vacation period absent proof on their part that there is some substantial reason to believe they will not be recalled at the end of the recess. *See Minnick, supra; Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669

(1978); *Miller v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 536, 383 A.2d 1303 (1978); *Ritter v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 68, 382 A.2d 1255 (1978); *Calvano, supra. Cf.* Section 402.1 of the Act, added by Section 5, Act of July 6, 1977, P.L. 41, 43 P.S. §802.1 (recent amendment to the Act, consonant with the holding of *Chickey*).

In the absence of anything in the record to indicate that claimant had any reasons to believe she would not be recalled,[2] claimant has not sustained her burden of proof. Moreover, given the contradictions in claimant's testimony[3] and a similar method of recall as in *Hydachak, supra,* and *Chickey, supra,*[4] we cannot say, utilizing the applicable standard of review, *see Greer v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 602, 383 A.2d 1327 (1978), that the Board capriciously disregarded competent evidence in finding that claimant desired and expected to be recalled by her employer. Therefore, the order of the Board must be affirmed.

## ORDER

AND Now, this 11th day of December, 1978, the order of the Unemployment Compensation Board of Review, dated March 28, 1977, denying Joanna Davis benefits, is hereby affirmed.

---

[2] On the contrary, the employer's separation notice, form UC-45A, indicates that the District expected the claimant to return to work on September 9, 1976.

[3] For example, claimant on her availability questionnaire, form UC-990, answered the question, "Do you expect to return to your school job at the end of the summer?" by marking the "yes" space and writing "if recalled." A claimant in *Hyduchak, supra,* made a similar response and was denied benefits.

[4] Claimant was normally recalled, by telephone, two days before she was to report for work.