Jane M. Eboch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Donald K. Eboch*, for petitioner.

*Charles Hasson,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 15, 1978:

Claimant Jane M. Eboch terminated her employment with the McKeesport Area School District and moved with her husband to Chapel Hill, North Carolina, where Mr. Eboch had enrolled for the Fall term at the University of North Carolina Law School. On September 17, 1975 claimant filed an application for benefits under the Special Unemployment Assistance Program (SUA) instituted by Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note).

As Judge ROGERS stated in the case of *Latimer v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 348, 352, 367 A.2d 342, 346 (1976), "[t]he SUA program basically covers 'employment and wages' which do not qualify for state unemployment compensation benefits."

Section 203(a)(2) of SUA, 26 U.S.C. §3304 (note), allows unemployment compensation assistance under federal law only if the claimant "is not subject to dis-

qualification" under state unemployment compensation law.

The Bureau of Employment Security and, upon appeal, the Referee and the Unemployment Compensation Board of Review (Board) held claimant ineligible for SUA benefits because she was disqualified under Section 402(b)(2)(I) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(2)(I), which bars compensation for unemployment due to leaving work "to accompany or to join his or her spouse in a new locality....."[1]

On appeal to this Court, we affirm.

Claimant had sought benefits under the exception to Section 402(b)(2), 43 P.S. §802(b)(2) which reads:

> Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, *and* such work is not within a reasonable commuting distance from the new locality to which the employee has moved. (Emphasis added.)

The referee agreed with claimant that, her move having been to another state, her former work was therefore not within a reasonable commuting distance from her new locality in North Carolina. However,

---

[1] This Court has recently held Section 402(b)(2)(II) of the Law, which renders ineligible for compensation applicants who are unemployed "because of a marital, filial or other domestic obligation or circumstance," to be unconstitutional. *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978).

However, the constitutionality of Section 402(b)(2)(I), which governs claimant's situation, has not been raised here.

the referee held that claimant did not meet her burden of proof on the issue of whether or not, during the six-month period prior to her leaving or filing an application for benefits, she was the sole or major support of her family.

The record indicates that claimant's salary, beginning in June, 1974, was $1,000.00 per month through July 1, 1975. Commencing on July 1, 1975, claimant's salary was $1,050.00 per month. Claimant's husband's earnings were as follows: January, 1975—$1,037.21; February, 1975—$945.60; March, 1975—$945.60; April, 1975—$1,465.68; May, 1975—$945.60; June, 1975—$1,-117.88; and July, 1975—$1,055.32.

We cannot say that the referee abused his discretion by finding that claimant failed to carry her burden of proof on the issue of her status as the sole or major support of her family during a substantial part of the six-month period at issue, when it is clear from the record that claimant's husband, in at least three out of those six months, earned more than claimant herself.

Because claimant failed to sustain her burden of proof with respect to the exception to Section 402's ineligibility provision, claimant was disqualified in terms of state law and therefore was ineligible for SUA.

We therefore affirm the Board's denial of compensation.

## ORDER

AND Now, this 15th day of December, 1978, the order of the Unemployment Compensation Board of Review, No. B-141133, dated February 24, 1977, denying benefits to Jane M. Eboch is affirmed.