Brandy Fitterling, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Louis M. Shucker,* with him *Barbara J. Hart,* for
petitioner.

*Michael Klein,* Assistant Attorney General, with
him *Gerald Gornish,* Acting Attorney General, for re-
spondent.

OPINION BY JUDGE CRAIG, March 7, 1979:

This is an appeal by Brandy Fitterling (claimant)
from a decision of the Unemployment Compensation
Board of Review (Board) affirming a referee's denial
of unemployment compensation benefits to claimant.
The Board denied claimant benefits on the basis of
Section 401(d) of the Pennsylvania Unemployment
Compensation Law (Law), Act of December 5, 1936,
Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43
P.S. §801(d). We affirm the Board.

At the time claimant applied for unemployment
compensation benefits, she had been employed by the
Reading School District (district) for three years as

a teacher in the district's head start program. Claimant applied for benefits[1] on May 24, 1976, her last day of work for the 1975-76 school year having been May 21, 1976.

At that time, claimant filled out an identification questionnaire in which she stated that she expected to return to her teaching job in September, 1976. On June 15, 1976, she filled out a school employee availability questionnaire in which she also expressed an expectation to return to her school job at the end of the summer. Finally, on June 22, 1976, claimant signed a summary of interview form which stated in full:

> During the past summer I did not work nor did I make any attempt to find work because I knew I was going back to my school job.
>
> If the office finds me a full time job I probably would not accept. However, if I did accept, I would quit and return to my school job.
>
> I work for Reading School District as a permanent teacher with no contract for the past 3 years.

On the basis of claimant's stated intention to return to her teaching job in the fall, the Bureau of Employment Security (Bureau) denied claimant benefits on the basis of Section 401(d), in that claimant was not able and available for suitable work.

Claimant appealed, and the referee remanded the case to the Bureau for reconsideration. The Bureau upheld its original decision, and claimant's appeal to

---

[1] Claimant's application for benefits was processed under the Special Unemployment Assistance Program (SUA), instituted by Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note). Eligibility for SUA benefits is determined by the standards set out in the state unemployment compensation laws. *Eboch v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 268, 395 A.2d 321 (1978).

the referee was reinstated. The referee then held a hearing, after which he also denied claimant benefits.

Claimant appealed to the Board, which affirmed the Bureau's denial of benefits under Section 401(d) of the Law. This appeal followed.

Claimant raises three issues. First, she argues that the findings of fact by the Board are not supported by substantial evidence. Second, she argues that the Board has created an irrebuttable presumption that claimant's status as a teacher renders her not able and available for suitable employment, thereby denying her due process. Third, claimant argues that she has been denied equal protection of the law because the Board has determined that teachers as a class are not able and available for suitable employment.

We do not find claimant's first argument persuasive. Our scope of review in unemployment compensation cases is limited to questions of law and a determination of whether or not the findings of the Board are supported by substantial evidence. *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977). The question of a claimant's availability for work is one of fact for the Board, and questions of credibility and the resolution of conflicts in the evidence are for the factfinder and are binding on us. *Calvano, supra.*

Although it is true that claimant, in her testimony before the referee, attempted to show that she was indeed available for full-time work continuing beyond the summer, the referee apparently chose to believe claimant's written statements that she intended to return to her teaching in the fall. Those statements, discussed earlier, provide the necessary substantial evidence to support the Board's determination, and we will not therefore disturb that determination.

The present case is factually similar to *Miller v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 536, 383 A.2d 1303 (1978). The claimant in *Miller* was a teacher's aide in a head start program, having worked in that position for two years. There, the claimant indicated she would not accept employment that summer, that she did not plan on looking for work, and that she expected to return to her school job at the end of the summer. In the present case, claimant did not refuse summer work. However, she did indicate a refusal to accept continuing full-time employment, so that she could return to her teaching job at the end of the summer.

Also, in both *Miller* and the present case, claimants at their hearings testified that they were mistaken when they filled out the forms in which they refused employment, and that they were in fact available for work, and would accept jobs that extended beyond the opening of the school term. The claimant in *Miller* also testified that she had agreed to go back with the head start program. Although there was no testimony in the present case that claimant had made a similar commitment to return to her job in the fall, there was sufficient evidence in the record to conclude that she had a reasonable expectation of returning. In fact, she did return in the fall.

Claimant next argues that the Board has created an irrebuttable presumption against teachers, violating her right to due process of law. However, the Board's decision was based upon specific facts in the record. No presumption was the basis for the decision. Claimant's contention is based on the erroneous premise that all teachers are automatically denied unemployment compensation. In fact or law, there is no disqualification for benefits by reason of being a teacher. Each case involving school summer vacation turns upon its own facts.

The key in such cases often is that the employee does or does not have a reasonable assurance of employment at the end of the summer. As Judge KRAMER stated in the leading case in this area, *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 494, 332 A.2d 853, 857 (1975):

> If the employes in this case had made an application for unemployment compensation whereby they had indicated that they were available for suitable work without any limitation, then there is little doubt they would have been entitled to benefits. . . . .

*Chickey* did not deal with teachers, but with house parents and teachers' aides. Moreover, many of the cases since *Chickey* which have denied unemployment benefits to employes of educational institutions during the summer months have dealt with employees other than teachers. *See, Davis v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978) (cafeteria worker); *Dils v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 358, 393 A.2d 50 (1978) (teacher's aide); *Minnick v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 648, 388 A.2d 798 (1978) (laundry drivers and snackbar workers); *Miller, supra* (teacher's aide); *Calvano, supra* (school guidance counselor).

The one element which all of those cases have in common is that the claimants were denied unemployment benefits because they intended to return to their previous employment at the end of the summer. The Board and referee found that to be true here also, upon a sufficient basis in the record.

Claimant's third argument, that the Board has denied her equal protection of the law by determining

that teachers as a class are not able and available for suitable employment, falls for the same reasons.[2]

Therefore, we affirm the decision of the Board denying unemployment benefits to claimant.

ORDER

AND Now, this 7th day of March, 1979, the decision of the Unemployment Compensation Board of Review, decision No. B-144426, dated April 26, 1977, is affirmed.

------

[2] The eligibility for unemployment compensation benefits of employees of educational institutions is now governed by Section 402.1 of the Law, added by Section 5 of the Act of July 6, 1977, 43 P.S. §802.1, effective January 1, 1978. We decline to speculate on how this case would have been decided if it had arisen after the effective date of Section 402.1. *Minnick v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 648, 388 A.2d 798 (1978).