Kay Sude, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Albert Squire,* for petitioner.

*Gary Marini,* with him *Charles G. Hasson,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 4, 1980:

Kay Sude (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) denying her benefits under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), for failure to accept, without good cause, suitable work offered to her.

The claimant was employed as a part-time English teacher by the Delaware County Intermediate Unit (employer), and she was assigned to the Radnor School District, where she worked 20 hours per week at $9.20 per hour. Her last day of work was on June 16, 1977, at which time the school was closed for the summer recess. When she applied for unemployment compensation, the Board denied her claim, and we affirmed that denial on appeal, holding that, because she desired and expected to return to her employment upon commencement of the next school term, she was not available for suitable work as required by Section 401(d) of the Law, 43 P.S. §801(d).[1] On September 13, 1977, the employer offered re-employment to the claimant at the Ridley and Wallingford-Swarthmore School Districts for eight hours (two one-half days) per week at $9.50 per hour. She rejected this offer, citing the increased travel time involved and her desire for full-time employment. When she again applied for unemployment compensation, the Board decided that she had refused to accept suitable work. It concluded, however, that under *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), she was ineligible only for the amount of her potential part-time earnings. Partial benefits for the time period concerned were awarded, and the claimant has now appealed from this order.

---

[1] *Sude v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 533, 402 A.2d 1122 (1978).

The claimant argues first that the Board improperly decided her case under Section 402(a) of the Law. She contends that she was under contract with the employer through the summer and therefore did not terminate her employment until she refused the reassignment in September. Because the reassignment constituted a substantial change in the terms of her employment, she argues, her rejection was a voluntary termination for cause of a necessitous and compelling nature under Section 402(b)(1). In fact, she insists, our previous decision in which we rejected her claim under Section 401(d) of the Law established that she was indeed employed during the summer months. We disagree.

Section 401(d) provides as follows:

Compensation shall be payable to any employe who is or becomes *unemployed,* and who —

....

(d) Is able to work and *available for suitable work....* (Emphasis added.)

To qualify for benefits under Section 401(d), therefore, a claimant must (1) be "unemployed" and (2) be "able to work and be available for suitable work." The claimant here was found disqualified in her previous appeal, as have many similarly situated teachers,[2] not because she was employed during the summer recess, but because she was not available for suitable work.[3]

---

[2] *See e.g., Miller v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 536, 383 A.2d 1303 (1978); *Ritter v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 68, 382 A.2d 1255 (1978).

[3] Note, however, that when a teacher is paid during the summer recess, he or she will not satisfy even the condition of being unemployed. *See Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978); *Holets v. Unemployment Compensation Board of Review,* 39 Pa.

Indeed, the record would compel us to concede that she was "unemployed" as that term is defined in Section 4(u) of the Law, 43 P.S. §753(u).[4] We believe, therefore, that the Board's determination of eligibility was properly made under Section 402(a).

The claimant also argues that, if Section 402(a) does apply to her, then her refusal was for good cause because of the increased travel time and because she desired to secure full-time employment. Under Section 4(t) of the Law, 43 P.S. §753(t), however, the distance to be traveled for available work is a factor which the compensation authorities must consider in determining its suitability, and the Board here decided that the travel time was not excessive. Although the claimant's round-trip travel time would have been increased by an hour, she would have been making fewer trips per week in her previous job and getting paid more per hour. Moreover, she would have been reimbursed for her travel expenses. We do not believe, therefore, that the Board erred in concluding that the proffered employment was suitable.

Nor do we believe that the claimant's desire for full-time employment constituted good cause for her refusal of the proffered employment here. She does not seriously contend that working eight hours per week could significantly interfere with her search for

---

Commonwealth Ct. 38, 394 A.2d 1299 (1978). The result is the same, of course, whether the teacher is considered employed or not available for suitable work. *See Hyduchak, supra.*

[4] Section 4(u) of the Law provides in pertinent part:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

a full-time job, but she argues that, had she accepted the available employment, she would have had to terminate it if she later found a full-time position. Because this would necessitate breaking off an established relationship with young foreign-born students, she felt professionally and morally obligated to refuse the job. Although we would certainly agree that the optional student-teacher relationship lasts through the school year, we simply do not believe that the potential harm here was so compelling as to provide good cause for her refusal.

The order of the Board will, therefore, be affirmed.

ORDER

AND Now, this 4th day of June, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.