Mercedes Greer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; West Chester Area School District, Intervening Respondent.

Argued February 27, 1978, before Judges CRUM-LISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Patrick C. O'Donnell,* for petitioner.

*Ross A. Unruh,* with him *Louis N. Teti,* and, of counsel, *MacElree, Harvey, Gallagher & Kean, Ltd.,* for intervening respondent.

OPINION BY JUDGE DISALLE, April 7, 1978:

This is a petition for review filed by Mercedes Greer (Greer) from an order of the Unemployment Compensation Board of Review (Board) dated December 16, 1976, in which the Board disallowed the appeal pursuant to Section 502 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, and affirmed the adjudication of the referee, thereby denying unemployment compensation benefits to Greer.

For approximately eleven years prior to her application for benefits on June 30, 1976, Greer had been employed as a caseworker for the West Chester Area School District (School District). In addition to her employment during the regular school term, it had been the practice of the School District to employ Greer for the summer months. The first time she was not so employed was for the summer months of 1976. The sole argument advanced by Greer is that the Board's finding that she was not available for suitable work as required by Section 401(d) of the Act, 43 P.S. §801(d), was made in capricious disregard of the evidence.

The burden of proving availability for suitable employment rests with the claimant. *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Com-

monwealth Ct. 341, 345 A.2d 785 (1975). When, as in the present case, the claimant does not sustain her burden before the Board, this Court must determine whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and whether the decision can be sustained without a capricious disregard of competent evidence. *See* opinion of Judge BLATT in *Koba v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). We have repeatedly stated that a wilful and deliberate disregard of competent testimony and relevant evidence occurs when one of ordinary intelligence could not possibly have avoided such testimony and evidence in reaching the result in question. *Isherwood v. Township of Penn Hills*, 13 Pa. Commonwealth Ct. 187, 318 A.2d 767 (1974). A review of the record reveals that the Board did not err in reaching its decision.

Greer admits that the law is against her. Professional employes of school districts have been held ineligible for unemployment compensation benefits during the summer months since, at the time of their application for benefits, they intend to return to their employment upon commencement of the next school term, and are not, therefore, permanently attached to the labor force. *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977); *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). She nevertheless argues that the testimony failed to disclose any limitations or conditions on the type of employment she would accept. In order to be considered available for work one may not impose limitations as to employment. *Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 200, 315 A.2d 915 (1974); *Pinto Unemployment Compensation Case*, 168

Pa. Superior Ct. 540, 79 A.2d 802 (1951). Greer's argument that she imposed no such limitation is difficult to understand since it is in direct contravention of her testimony before the referee.

Greer conceded at the hearing that if the School District had offered to renew her employment for the ensuing school term she would have accepted it. Further, she stated that her decision to accept another job would be dependent on whether it was a "good job" and whether she could transfer the benefits which she had been receiving from the School District to the new position. While we are sympathetic to Greer's pleas that she needs a better job, and, in fact, admire her avowed preference to work as opposed to receiving unemployment compensation benefits, she has placed impermissible limitations on the type of work for which she would be available. The decision of the Board, therefore, was mandated by Greer's own statements, and was not made in capricious disregard of competent evidence. We affirm.

ORDER

AND Now, this 7th day of April, 1978, the order of the Unemployment Compensation Board of Review, dated December 16, 1976, denying benefits to Mercedes Greer, is affirmed.