Raymond Minnick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Stephen H. Jordan,* with him *Herman L. Foreman,* and *Rothman, Gordon, Foreman and Groudine,* P.A., for appellants.

*Daniel Schuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 24, 1978:

This appeal involves thirty-seven full-time employees of The Pennsylvania State University who were laid off between the University's fall and winter terms, *i.e.,* from November 19, 1975 through December 3, 1975. Their applications for unemployment compensation were denied by the Unemployment Compensation Board of Review on the authority of *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). Although the claimants in this case were not employed in an educational capacity but were laundry drivers and snack bar workers, we agree with the Board that *Chickey* controls.

Like the claimants in *Chickey,* the claimants here were unemployed during a prescheduled term break and were scheduled to return to work at the end of the break. Unlike *Chickey,* the claimants here were not completely certain they would be laid off, since the University does keep some employees on the payroll during breaks. However, the claimants had reason to know that a strong possibility existed that they would be unemployed for the two-week period. This is sufficient to bring them within the rule announced in *Chickey. See Greer v. Unemployment Compensa-*

*tion Board of Review*, 34 Pa. Commonwealth Ct. 602, 383 A.2d 1327 (1978) (benefits denied to teacher unemployed during summer despite fact that in previous years school district had always employed her in summer).

The eligibility of employees of educational institutions for unemployment compensation is now governed by Section 402.1 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1 (effective January 1, 1978). We decline to speculate on how this case would have been decided had it arisen after the effective date of Section 402.1. *See* Section 402.1(2), 43 P.S. §802.1(2).

ORDER

Now, this 24th day of July, 1978, the order of the Unemployment Compensation Board of Review, dated March 15, 1977, denying benefits to the claimants in the above captioned case, is hereby affirmed.