Kay Sude, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Kay Sude,* petitioner, for herself.

*Reese Couch,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 25, 1979:

Kay Sude (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits under the provisions of Section 401(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The claimant was employed as a part-time English teacher for the Delaware County Intermediate Unit (Delco) for four years prior to June 16, 1977. On that day, school closed for the summer recess. Claimant testified that in prior years she and her immediate supervisor, Dr. Nicholas Spennato, had an oral understanding that claimant would return to her teaching position during the month of September but that in June of 1977 she was informed, because of uncertain student enrollment in her area of instruction, that she could not be promised anything and she would "just have to wait and see if there would be enough work."

On July 10, 1977, claimant filed an application for Special Unemployment Assistance (SUA) benefits.[1] The Bureau of Employment Security denied her claim on the basis that Delco had informed it that she had been given a reasonable assurance of reemployment as of the beginning of the next school term. The referee

---

[1] The claim was filed pursuant to Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C.A. §3304 note. While claimant's initial eligibility must be determined by reference to this Act, the ultimate eligibility for SUA benefits is based on applicable state standards, including those pertaining to a claimant's availability.

and the Board, relying on *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977), and *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), affirmed, finding that claimant expected to return to work with Delco at the commencement of the next school year and that she was not available for work during the period of time at issue. This appeal followed and we affirm.

An analysis of the cases following *Chickey*, where we held that school employees who expected and desired to work with their employers at the end of a summer recess were "unavailable for suitable work" under Section 401(d) of the Act, indicate that educational personnel are normally ineligible for benefits during a prescheduled vacation period, absent proof on their part that there is come substantial reason to believe they will not be recalled at the end of the recess. *See Davis v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978); *Minnick v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 648, 388 A.2d 798 (1978); *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978); *Greer v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 602, 383 A.2d 1327 (1978); *Miller v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 536, 383 A.2d 1303 (1978); *Ritter v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 68, 382 A.2d 1255 (1978); *Calvano, supra. Cf.* Section 402.1 of the Act, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1 (recent amendment to the Act consonant with the holding of *Chickey*).

The Bureau, in making its determination of the claimant's ineligibility for benefits, relied on a notice which Delco claims to have sent to the claimant on May

31, 1977. This notice stated that claimant's job would be available to her and she might consider the notice as an offer to return to her teaching position when school reopened in September 1977. Claimant conceded in her letter of August 3, 1977 to Delco that, if she had received such a notice, she would not be eligible for benefits but contended that she did not receive the notice.

However, claimant's testimony discloses that (1) she was told in June 1977 only that she could not be promised a job for September and (2) she was informed by letter under date of August 9, 1977 that no official school board action reducing the size of the teaching staff had been taken and none would be taken, if at all, before the October school board meeting. We can only conclude from her testimony that she was in the same position in June 1977 as she had been in previous years. The claimant was never informed that she would not have employment in September of 1977 but, at most, was told that such employment might be terminated by future developments, *i.e.*, decrease in pupil enrollment, and that, if such reductions did occur, they would not be made prior to the October school board meeting. Even under these circumstances and disregarding the notice to return to work in September, which Delco contended was sent and claimant denied receiving, it appears to us that she had a reasonable expectation of returning to work, even in the absence of a guarantee in that regard in June of 1977. This conclusion is further supported by claimant's admission that, if she had received the disputed notice, she would have accepted the offer of continued employment. It was this intention to return to her employment upon commencement of the next school term that made claimant a person not permanently attached to the labor force at the time of her application for benefits. *Greer, supra; Chickey, supra.* We deem that the

claimant here desired and expected to be recalled by her employer and that the Board did not err or capriciously disregard competent evidence in finding that she expected and intended to return to work at the commencement of the next school term and thus was unavailable for suitable work under Section 401(d) of the Act.

### ORDER

AND NOW, this 25th day of June, 1979, the order of the Unemployment Compensation Board of Review, mailed May 31, 1978, denying Kay Sude unemployment compensation benefits, is hereby affirmed.