Tony J. Panaro, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three

*Sylvia Denys,* with her, *Thomas C. Reed,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 25, 1980:

This is an appeal by petitioner Tony Panaro (Claimant) from an order of the Unemployment Compensation Board of Review affirming the Referee's denial of unemployment benefits. The Referee had determined that Panaro was discharged for acts constituting "willful misconduct" and therefore was ineligible for benefits, pursuant to Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e).

On August 16, 1978, the claimant was discharged from his job as a construction specialist for the Urban Development Authority of Pittsburgh, Pennsylvania. He had been so employed for three and one-half years; and his job required him to establish specifications for construction projects and to inspect projects to insure their completion.

The Unemployment Compensation Board of Review found, affirming the Referee, that the claimant

was discharged for violating two rules of the employer: recommending payments for work that had not been completed and failing to properly document modifications in construction plans. Based on these findings the Board concluded that the claimant had committed such "willful misconduct" as to be ineligible for benefits.

In "willful misconduct" cases, the employer has the burden of proof. *Harrison v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 364, 383 A.2d 965 (1978); *Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). Not only must the employer prove the claimant committed some act which constitutes "willful misconduct", the employer must also prove that the act in question was the actual reason for the claimant's discharge. *Tundel v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979). Further, this Court has held that if the alleged infraction occurred at a time too remote from the date of the claimant's discharge, then that infraction cannot support a finding that the claimant was discharged for "willful misconduct." That is, an incident of "willful misconduct" cannot be temporally remote from the ultimate dismissal and still be the basis for a denial of benefits. *Tundel v. Unemployment Compensation Board of Review, supra; Unemployment Compensation Board of Review v. Dravage,* 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976). From this rule it follows that the evidence of the case must show that the conduct in question was not too remote from the time the claimant was discharged. It is our conclusion that the evidence in the case at bar does not meet that proof requirement.

The employer alleged that claimant Panaro improperly recommended payments to contractors on

two home rehabilitation projects for work which had not been completed. The employer's testimony provides no identification of those projects other than cryptically referring to them as the "Lucky project" and the "Iberia Scott project". And at no point, in the waves of rambling, disoriented, irrelevant testimony from the employer's witnesses, is there any categorical specification of when the alleged infractions occurred. The most the testimony presents on that point is the speculation by the claimant's supervisor that the acts took place at a time between one month and two months prior to the discharge. Though the claimant himself admitted that on one occasion he recommended payment when some minor painting work remained unfinished, there is no indication of when that act occurred. The lack of evidence on this point is fatal to the employer's case, especially in light of our statement in the *Tundel* case that a period of 25 days was too great a gap between the alleged incident and the discharge. As for the assertion that the claimant failed to properly document modifications in construction plans, the proof suffers from the same infirmity.

We must conclude that the Board's finding that the claimant was discharged for "willful misconduct" is not supported by substantial record evidence; and therefore, we must reverse the Board's determination that the claimant is ineligible for benefits.

### ORDER

AND Now, the 25th day of April, 1980, the Order of the Unemployment Compensation Board of Review, No. B-168187 dated January 22, 1979, denying benefits to claimant Tony J. Panaro, is reversed.

President Judge BOWMAN did not participate in the decision in this case.