Michael Nytiaha, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and University of Pennsylvania, Respondents.

Adele Foster, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and University of Pennsylvania, Respondents.

James W. McPherson et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and University of Pennsylvania, Respondents.

Argued December 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, WILLIAMS, JR. and PALLADINO. Judges BLATT and MACPHAIL did not participate.

*Bruce M. Ludwig,* with him *Stephen A. Sheller, P.C.,* for petitioners.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent, Unemployment Compensation Board of Review.

*Kathryn H. Levering,* with her *Francis J. Connell, III, Drinker, Biddle & Reath,* for respondent, University of Pennsylvania.

OPINION BY JUDGE MENCER, February 11, 1981:

The claimants in the instant unemployment compensation appeals are dining-service employees of the University of Pennsylvania (University). During the regular school years in question, the University employed approximately 125 dining-service workers. Their primary function was to feed the University's resident students in the dormitory dining halls and to perform the necessary food service functions in the cafeterias which serve day students and faculty. The size of the University's student body decreases substantially during the summer months, and therefore the University lays off approximately 85 of its dining-service workers each summer.

The appeals here stem from two summer layoffs. Some claimants were laid off during the summer of 1976; others were laid off during the summer of 1977.[1]

---

[1] The appeal of Adele Foster at No. 2096 C.D. 1978 must be treated differently than the appeals of the other claimants since it

Their applications for unemployment compensation were denied by the Unemployment Compensation Board of Review on the authority of *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), and *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977).

In addition to these two cases, we view these appeals to be controlled by *Minnick v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 648, 388 A.2d 798 (1978). In *Minnick*, 37 laundry drivers and snack-bar workers, who were full-time employees of Pennsylvania State University, were laid off between that University's fall and winter terms. They sought unemployment compensation benefits but were denied such benefits and we affirmed those denials. We stated in *Minnick* what is equally applicable here:

Like the claimants in Chickey, the claimants here were unemployed during a prescheduled term break and were scheduled to return to work at the end of the break. Unlike Chickey, the claimants here were not completely certain they would be laid off, since the University does keep some employees on the

____

involves claim weeks in the year 1978. The eligibility of employees of educational institutions for unemployment compensation is now governed by Section 402.1 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1 (effective January 1, 1978). Having treated the Foster claims as pre-1978 claims, the Board, joined by the University, requests that we remand the claims of Adele Foster so that the Board may have the opportunity to render a new decision consonant with the provisions of Section 402.1. We will grant this request and accordingly will remand the claims of Adele Foster, at No. 2096 C.D. 1978, to the Board.

payroll buring breaks. However, the claimants had reason to know that a strong possibility existed that they would be unemployed for the two-week period. This is sufficient to bring them within the rule announced in Chickey. *See* Greer v. Unemployment Compensation Board of Review, 34 Pa. Commonwealth Ct. 602, 383 A.2d 1327 (1978) (benefits denied to teacher unemployed during summer despite fact that in previous years school district had always employed her in summer). 36 Pa. Commonwealth Ct. at 649-50, 388 A.2d at 799.

Simply stated, claimants are ineligible for benefits unless they are "available for suitable work," as required by Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d). The test of "availability" requires that a claimant not only be ready, willing, and able to accept either temporary or permanent suitable employment at any time by another employer but be actually and currently attached to the labor force. *See Tokar v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978).

We have consistently denied unemployment compensation benefits for school employees who expect and intend to return to work at the commencement of the next school term.[2] *Sude v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 533, 402 A.2d 1122 (1979) (part-time teacher); *Fitterling v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 113, 398 A.2d 744 (1979) (full-time teacher); *Davis v. Unemployment*

---

[2] Claimants do not challenge here the Board's findings that they expected and intended to return to work as dining-service workers for the University following the University's summer vacation period. *See Ortiz v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979).

*Compensation Board of Review*, 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978) (cafeteria worker); *Dils v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 358, 393 A.2d 50 (1978) (teacher's aide); *Miller v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 536, 383 A.2d 1303 (1978) (teacher's aide); *Calvano, supra* (school guidance counselor).

Claimant's contentions that the application of the between-school-term denials of unemployment compensation benefits violates constitutional guarantees of due process and equal protection and violates federal and Pennsylvania unemployment compensation law are not properly before this Court. We restate what we held in *Katz v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 1, 396 A.2d 480 (1979), *aff'd*, 487 Pa. 448, 409 A.2d 854 (1980):

> Claimant makes several other arguments dealing generally with alleged violations of federal constitutional and statutory law. Nothing in the record indicates, and Claimant does not suggest, that these issues were raised below or dealt with by the various administrative review bodies. The applicable scope of review provision of the Administrative Agency law, 2 Pa. C. S. §703(a), makes it abundantly clear that a party may not raise before the Court *any* question, other than the validity of the respective statute, not raised before the agency (notwithstanding the fact that the agency is not competent to resolve such question) unless allowed by the Court upon due cause shown. This statutory pronouncement sets forth the well established rule that the appealing party generally must preserve below those questions which it seeks to have the Court review. The record being entirely devoid of any

mention of the questions Claimant now seeks to address, and in the absence of any showing why the Court should nevertheless resolve them, we will not consider Claimant's additional arguments.

40 Pa. Commonwealth Ct. at 3 n. 1, 396 A.2d at 481 n. 1 (emphasis in original).

Therefore, we affirm the decisions of the Board denying unemployment benefits to all claimants, except as to Adele Foster, whose claims we will remand for further proceedings.

ORDER

AND Now, this 11th day of February, 1981, the decisions of the Unemployment Compensation Board of Review denying the claims of Michael Nytiaha (Decision No. B-144988-B) and James W. McPherson (Decision No. B-168503), which are applicable to the claims of approximately 77 other individuals similarly situated, are hereby affirmed. The claims of Adele Foster under appeal from the Unemployment Compensation Board of Review's Decisions Nos. B-165902 and B-165903 are hereby remanded to said Board for further proceedings.