596 A.2d 1172

**GTE PRODUCTS CORPORATION, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 1991.

Decided Aug. 9, 1991.

Reargument Denied Oct. 4, 1991.

John C. Artz, Pittsburgh, for petitioner.

James K. Bradley, Asst. Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

GTE Products Corporation (GTE) appeals an order of the Unemployment Compensation Board of Review granting benefits to Jean M. Carden on the basis of § 401(d)(1) of the Unemployment Compensation Law.[1]  We reverse.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(d)(1).

The issue in this case is whether the board erred in granting benefits under § 401(d)(1) of the Act to a claimant who did not work for a four-week period because her employer (GTE) ceased production for its annual summer shutdown.

The facts, as found by the board, are as follows. The claimant works as a lab technician for GTE. On June 30, 1990, GTE ceased production for a summer shutdown which lasted until July 28, 1990. The contract between GTE and claimant's union provides that the final authority to approve vacation periods rests with GTE. It is GTE's policy to encourage employees to take vacations during the summer shutdown; however, GTE will approve vacation time for other periods provided the employees make themselves available for work during the shutdown period. The claimant, with approval from GTE, used all four weeks of her vacation time before the summer shutdown. The claimant stated on her vacation request forms that she would sign up for work during the shutdown period. Before the June 30, 1990 summer shutdown, GTE posted a sign-up sheet for employees to sign if interested in working during the shutdown period. The claimant did not sign up for work during the shutdown period.

On July 18, 1990, the claimant applied for unemployment compensation benefits. On July 24, 1990, the Office of Employment Security (OES) denied the claimant benefits under § 401(d)(1) of the Act, stating that the claimant removed herself from the labor market by failing to sign up for work during the summer shutdown period. On July 31, 1990, the claimant appealed the OES decision to a referee. The referee affirmed the OES decision to deny benefits. The claimant appealed the referee's decision to the board on September 5, 1990. On November 2, 1990, the board reversed the referee's decision and granted benefits.

The board, in its decision, stated:

While the claimant failed to sign up for work during the plant's summer shutdown, the Board is unable to conclude that this rendered claimant unavailable for work

under the above cited Section of the Law. Claimant was available for work for the time period at issue and therefore benefits are granted under Section 401(d)(1) of the Law.

■ GTE now appeals to this court,[2] seeking to overturn the board's decision to grant benefits to the claimant.

■ The statute in question, § 401(d)(1), states in relevant part:

Compensation shall be payable to any employee who is or becomes unemployed, and who—

. . . .

(d)(1) Is able to work and available for suitable work. . . .

The burden of proving availability for suitable work is on the claimant. *Koba v. Unemployment Compensation Board of Review*, 29 Pa.Commonwealth Ct. 264, 370 A.2d 815 (1977). The claimant who registers for unemployment compensation benefits is presumed to be able and available for work. *Galla v. Unemployment Compensation Board of Review*, 62 Pa.Commonwealth Ct. 238, 435 A.2d 1344 (1981).

■ In the present case, GTE presented evidence that the claimant did not sign up for work during the shutdown period. The board accepted GTE's evidence as fact, because the board's findings of fact state:

6. On her vacation request forms, the claimant indicated that she would sign up for available work during the shut down period.

7. Prior to the shut down, the employer posted a signup sheet for employees to sign up for available work during the shut down.

2. Our scope of review is limited to determining whether any constitutional rights were violated, any errors of law were committed, or whether substantial evidence supports the board's findings. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

8. The claimant did not sign up for work during the shut down as she had indicated she would.

9. Work was available which the claimant could have done during the summer shut down.

Thus, GTE rebutted the claimant's presumption that she was available to work, and the board erred in granting the claimant benefits.

Furthermore, in *Nytiaha v. Unemployment Compensation Board of Review,* 56 Pa.Commonwealth Ct. 564, 425 A.2d 485 (1981), food service employees of the University of Pennsylvania applied for unemployment benefits because they were laid off during the summer. The university laid off the employees because the student body decreased substantially during the summer months. This court stated:

> Simply stated, claimants are ineligible for benefits unless they are 'available for suitable work,' as required by Section 401(d) of the Unemployment Compensation Law, 43 P.S. § 801(d). The test of 'availability' requires that a claimant not only be ready, willing, and able to accept either temporary or permanent suitable employment at any time by another employer but be actually and currently attached to the labor force....

> We have consistently denied unemployment compensation benefits for school employees who expect and intend to return to work at the commencement of the next school term....

*Nytiaha* at 567, 425 A.2d at 487.

In the present case, the claimant knew she would return to work after the summer shutdown period and did return to work for GTE. Therefore, this case is analogous to the *Nytiaha* case and the board erred in granting benefits to the claimant.

Accordingly, the decision of the board is reversed.

CRUMLISH, Senior Judge, did not participate in the decision in this case.

## ORDER

NOW, August 9, 1991, the decision of the Unemployment Compensation Board of Review, No. B–285938, dated November 2, 1990, is reversed.