645 A.2d 466

HAMOT MEDICAL CENTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent,

HAMOT MEDICAL CENTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent,

HAMOT MEDICAL CENTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent,

HAMOT MEDICAL CENTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent,

HAMOT MEDICAL CENTER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 10, 1994.

Decided July 7, 1994.

James A. Prozzi, for petitioner.

Sarah Yerger–Nauss, Asst. Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Hamot Medical Center (Employer) appeals from the orders of the Unemployment Compensation Board of Review (UCBR) that affirmed the grant of benefits by the referee to Christina L. Christiansen, Mary Rose, Leslie R. DiFrank, Elizabeth Henderson and Victor J. Hitchcock (Claimants). We affirm.

Claimants worked for Employer during the 1992/1993 school year as student assistance consultants in Employer's Student Assistance Program (SAP). SAP is a contract service provided by Employer to the Erie Mental Health/Mental Retardation Office. As consultants, Claimants' duties involved going to a designated school and providing eight hours of service to students with mental health issues or problems. Claimants' employment contract with Employer for the 1992/1993 school year began in late August 1992 and ended in mid-June, 1993.

Before the end of the 1992/1993 contract, Claimants each were given a performance evaluation to determine whether or not they would be retained for the upcoming school year and at what rate of pay. On June 11, 1993, Claimants each signed a contract agreeing to return to work for Employer during the

1993/1994 school year, beginning in late August 1993. No contract covered the time from mid-June 1993 through late August 1993.

On June 13, 1993, Claimants filed for unemployment compensation benefits with the Office of Employment Security (OES). OES granted Claimants benefits which Employer challenged. Following a consolidated hearing, the referee granted benefits to Claimants. The UCBR affirmed.

On appeal to this Court,[1] Employer argues that the UCBR erred as a matter of law in affirming the referee's conclusion that Employer failed to raise Section 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(d)(1). Employer also asserts that the UCBR abused its discretion in affirming the referee because the award of benefits contravenes the purpose of the Law.

In his decision, the referee stated:

The referee will note that the employer has presented an argument concerning the claimant's eligibility under Section 401(d)(1) of the Pennsylvania Unemployment Compensation Law.

Section 401 of the Pennsylvania Unemployment Compensation Law states in relevant part as follows:

Compensation shall be payable to any employee who is or becomes unemployed and who—

* * * * * *

(d)(1) is available to work and available for suitable work. . . .

The statutory purposes of the availability statute is to establish genuine attachment to the labor market. Notwithstanding the fact that the Office of Employment Security did not include this Section in its ruling and that Section is not properly before the Referee, the Referee will note that no testimony has been provided indicating that the claimant

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

is not or was not able and available for suitable work. To the contrary, the employer established in its testimony that at least one similarly situate worker had, in fact, worked for another employer while working at Hamot Medical Center.

We must first note that any party attending a referee's hearing regarding benefits is mailed, in advance of the hearing, a "Notice of Hearing," UC Form 58. UC Form 58 states on the second line: "*All* parties should be aware that in *all* cases the claimant's ability to work and availability for suitable work may be at issue under Section 401(d)." (Emphasis in original). Thus, the referee's inartful statement allegedly excluding Section 401(d) from consideration was error. However, such error was harmless because Section 401(d) was, in fact, implicitly considered by the referee.

▆▆▆▆ It is well settled that the burden of proving availability for suitable work is on the claimant. *Koba v. Unemployment Compensation Board of Review*, 29 Pa.Commonwealth Ct. 264, 370 A.2d 815 (1977). Once a claimant registers for unemployment compensation benefits it is presumed that he or she is able and available for work. *Galla v. Unemployment Compensation Board of Review*, 62 Pa.Commonwealth Ct. 238, 435 A.2d 1344 (1981). Employer submits that the evidence it presented did rebut the presumption of able and available, contrary to the referee's finding that Employer did not produce testimony to make such rebuttal. Employer contends because Claimants had committed to future employment with Employer, as such they were unavailable for work within the meaning of Section 401(d), citing *GTE Products Corp. v. Unemployment Compensation Board of Review*, 141 Pa.Commonwealth Ct. 628, 596 A.2d 1172 (1991), *appeal denied*, 530 Pa. 648, 607 A.2d 257 (1992).

In *GTE*, the employer's manufacturing plant ceased production for its summer shutdown. The employer encouraged its employees to take vacations during the summer shutdown; however, it did permit vacations at other times provided the employee would be available for work during the shutdown period. The claimant had used up her vacation prior to the summer shutdown. She did not sign up for employment

during the shutdown but rather filed for benefits, creating the presumption of "able and available." We held, however, that the employer had rebutted the presumption that the claimant was "able and available". We analogized the *GTE* plant shutdown to the school employee cases such as *Nytiaha v. Unemployment Compensation Board of Review*, 56 Pa.Commonwealth Ct. 564, 425 A.2d 485 (1981). In *Nytiaha*, we denied benefits to food service employees of the University of Pennsylvania when they were laid off during the summer. In *Nytiaha*, we stated:

> The test of 'availability' requires that a claimant not only be ready, willing, and able to accept either temporary or permanent suitable employment at any time by another employer but be actually and currently attached to the labor force....

*Id.* at 567, 425 A.2d at 487.

Employer here asserts that because we analogized the facts in *GTE* to the school employee cases, where benefits are now statutorily denied,[2] that this case should be treated as the school employee cases because it is even more factually similar. We do not agree.

First, *school employees*, as in *Nytiaha*, are statutorily denied unemployment compensation during summer and other vacation times. *See* n. 2. Second, Hamot Medical is the employer and is not a school board. *See Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981).[3] Further, the holding in *GTE* was premised upon the employer rebutting the presumption of able and available for work. Here, Employer did not rebut the presumption of able and available for work.

■ Employer also contends that the UCBR abused its discretion because the grant of benefits contravenes the pur-

---

**2.** Section 402.1 of the Law, 43 P.S. § 802.1.

**3.** In *Penn Hills*, a school bus driver filed for seven days unemployment benefits when school was called off because of snow. We denied benefits. The Supreme Court reversed, holding that even though the lay-off period was short and the claimant expected to return to work with the employer, that unless specifically disqualified from benefits by law the claimant could not be denied benefits.

poses of the Law. The objective of the Law, as set forth in Section 3 of the Law, 43 P.S. § 752, is to ensure that employees who become unemployed involuntarily are provided with some semblance of economic security. *Lybarger Unemployment Compensation Case,* 418 Pa. 471, 211 A.2d 463 (1965). Employer asserts that the Law, however, does not contemplate a "compensated vacation for work, nor should it be an invitation to be a compensated rest." *General Electric Co. v. Unemployment Compensation Board of Review,* 177 Pa.Superior Ct. 49, 55, 110 A.2d 258, 261 (1954) (citation omitted). Employer asserts that because Claimants received an "enhanced salary" paid over a ten-month period rather than on an annual basis and because Claimants intended to return to work for Employer that they should be disqualified. We again do not agree.

■ A claimant is not specifically disqualified from receiving benefits unless excluded by an explicit section of the Law. Claimants were not disqualified under Section 401(d)(1), or any other specific section of the Law such as Section 4(u), 43 P.S. § 753(u), that provides an employee who is unemployed by a plant shutdown for vacation purposes, but receives funds from the employer as a vacation allowance, is ineligible. Nor were Claimants disqualified under Section 402(b), 43 P.S. § 802(b), which disqualifies a worker from receiving benefits when he voluntarily leaves work without cause of a necessitous and compelling nature, or Section 402(e), 43 P.S. § 802(e), which disqualifies a worker from receiving benefits where the unemployment is due to discharge or temporarily suspension for willful misconduct. Therefore, we hold that the UCBR did not abuse its discretion in affirming the referee's grant of benefits to these non-school employee Claimants because no statutory section of the Law excluded Claimants.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of July, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.