**PRESERVATION PENNSYLVANIA,**
Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1996.
Decided March 25, 1996.

Alvin B. Lewis, Jr., for Petitioner.

Sarah C. Yerger, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

SMITH, Judge.

Preservation Pennsylvania requests reversal of an order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision to grant benefits to Sharon N. Howard, a former employee. The Board determined that Howard was not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897,

*as amended,* 43 P.S. § 802(e).[1] The question presented on appeal is whether Howard should continue to receive benefits solely because Preservation did not discover Howard's embezzlement of approximately $45,000 until after her separation from employment for non-fault reasons as opposed to her willful misconduct.

Howard was employed for approximately two and one-half years as an office manager and bookkeeper for Preservation. On November 29, 1993 Preservation "furloughed" Howard because of budgetary problems and hired a part-time bookkeeping service to reduce the amount Preservation paid for Howard's services by $8,000 to $10,000 per year. Howard applied to the Department of Labor and Industry Job Center for unemployment compensation benefits and, without objection by Preservation, began receiving benefits for the week ending December 11, 1993. She received $4,446 in benefits for the period December 11, 1993 through April 16, 1994.

In a letter to the Job Center requesting an investigation of Howard's claim Preservation stated that after her separation, an independent audit was conducted of its financial records; in early April 1994, Preservation discovered that Howard had embezzled more than $40,000 by writing more than 170 unauthorized checks to herself from the organization's general fund. Thereafter, the Job Center issued a notice of determination dated June 14, 1994 denying Howard's claim for benefits after finding that had Preservation known of Howard's embezzlement prior to separation, her willful misconduct would have been proved and she is therefore disqualified from benefits under Section 402(e) as well as Section 3 of the Law, 43 P.S. § 752. The Job Center issued a fault overpayment of $4,446.

Howard appealed to the referee who refused to permit Preservation to cross-examine Howard concerning the evidence discovered after her separation. Preservation sought to cross-examine Howard to establish her embezzlement and that it was the cause of Preservation's budgetary problems which led to the separation.[2] The referee allowed Preservation to show that it experienced budgetary problems, but since the sole reason given for Howard's separation at the time it occurred was due to budgetary matters, the referee reversed the Job Center and allowed benefits for the compensable weeks at issue.

■ Preservation appealed to the Board which affirmed the referee. The Board noted that it was compelled to consider the reasons given for Howard's separation at the time it occurred as opposed to the after-discovered evidence. This Court's scope of review of that decision will be limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Chamoun v. Unemployment Compensation Board of Review,* 116 Pa.Cmwlth. 499, 542 A.2d 207 (1988).

■ The Unemployment Compensation Law was enacted to protect workers who have suffered a loss in income due to separation from employment through no fault of their own. Section 3 of the Law, Declaration of public policy; *Hamot Medical Center v. Unemployment Compensation Board of Review,* 165 Pa.Cmwlth. 552, 645 A.2d 466 (1994). A related principle enunciated by the Pennsylvania Supreme Court in *Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993), is

---

1. Section 402(e) reads as follows:
   An employe shall be ineligible for compensation for any week....
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

2. Preservation offered into evidence a letter from the Manheim Township Police Department, Lancaster County, which stated that Howard had been charged with theft by unlawful taking or

disposition of $44,681.44, and a photocopy of a newspaper article providing details of the theft. The referee sustained Howard's hearsay objection to the introduction of this evidence but allowed it into the record for purposes of appellate review.

In its brief, Preservation also states that Howard pleaded guilty to the theft charge and was sentenced in the Lancaster County criminal court on November 10, 1994 at Docket No. 1247 of 1994.

that Section 3 must be considered in interpreting and construing all of the other sections of the Law. Consistent with the public policy of this Commonwealth, this Court has held that theft or embezzlement from an employer constitutes willful misconduct which supports a discharge and precludes a determination of eligibility for unemployment compensation benefits. *See Ford v. Unemployment Compensation Board of Review,* 95 Pa.Cmwlth. 104, 504 A.2d 427 (1986), *appeal denied,* 514 Pa. 621, 521 A.2d 935 (1987); *Kostik v. Unemployment Compensation Board of Review,* 12 Pa.Cmwlth. 32, 315 A.2d 308 (1974).

▇▇▇ Courts may not interpret a statute in such a manner that results in an absurd, unreasonable or unintended result. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922. The object of statutory interpretation is to ascertain and determine legislative intent and to give effect to all provisions of a statute. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. McCabe,* 163 Pa.Cmwlth. 11, 644 A.2d 1270 (1993); *Pennsylvania State Lodge of the Fraternal Order of Police v. Bailey,* 128 Pa.Cmwlth. 72, 562 A.2d 985 (1989), *aff'd, sub nom. Pennsylvania State Lodge of the Fraternal Order of Police v. Hafer,* 525 Pa. 265, 579 A.2d 1295 (1990). In this connection, it is unreasonable to assume that the legislature intended that an employee should benefit from criminal conduct committed during the employee's employment but not discovered by the employer, due to the employee's concealment and subterfuge, prior to separation.

Preservation does not contest the fact that Howard was initially separated from her employment due to budgetary problems and not for willful misconduct. Nevertheless, Preservation argues that had the referee permitted it to cross-examine Howard regarding her embezzlement and to present evidence in this regard, Preservation would have demonstrated that Howard was in fact dismissed for willful misconduct and that she is consequently ineligible for benefits. Further, Preservation asserts that Howard's embezzlement and concealment could not have been discovered prior to her separation because

she had control of the financial records and the ability to manipulate the auditors to conceal her theft. In short, Preservation states that the referee and the Board should have allowed it to present the after-discovered evidence and its effects on the organization's budget and that to deprive Preservation of the right to cross-examination on this point denied its due process rights.

The Board has argued that Preservation was not entitled to cross-examine Howard on the after-discovered evidence because such evidence refers to information discovered after a hearing as opposed to after a discharge and that this Court's decision in *Georgia–Pacific Corp. v. Unemployment Compensation Board of Review,* 157 Pa.Cmwlth. 651, 630 A.2d 948 (1993), supports this proposition. *Georgia–Pacific Corp.* does not stand for the proposition proffered by the Board nor does it serve as precedent to preclude the Board from allowing Preservation to present the after-discovered evidence. In fact, this Court sustained the Board's decision to vacate its original order and to reopen the case for a new hearing where the Bureau of Unemployment Compensation Benefits and Allowances requested a reconsideration of the Board's order to deny benefits to Georgia–Pacific employees. The Bureau had previously determined that the employees were entitled to benefits under Section 4(u) of the Law, 43 P.S. § 753(u), due to plant closing. Upon reconsideration the Board granted benefits to the affected employees. This Court rejected the contention of Georgia–Pacific Corp. that the Board abused its discretion in granting the Bureau's request for reconsideration, concluding that the Board may grant reconsideration or rehearing where "good cause" exists for it to do so.

▇▇▇ While courts have held that the burden is on an employer to prove an employee's willful misconduct and that it was the actual reason for the employee's termination from employment, *Panaro v. Unemployment Compensation Board of Review,* 51 Pa.Cmwlth. 19, 413 A.2d 772 (1980), the facts of this case require that the Court allow a narrow exception to this rule. The Court cannot escape the fact that the Law was not intended to protect an employee who embez-

zles funds from an employer causing budgetary problems, conceals the embezzlement until after separation from employment and, as a result of this conduct, prevents the employer from taking steps available to the employer had it known of the employee's conduct.

■ Thus where evidence of an employee's embezzlement of an employer's funds, or other criminal conduct committed against an employer which causes the employee's unemployment, is received within a reasonable time after the employee's separation and the employer promptly acts to contest a determination of eligibility for benefits, the Board is not deprived of authority to permit evidence of the after-discovered criminal conduct. The Board may thereafter reconsider the employee's entitlement to benefits in light of the after-discovered criminal conduct and terminate benefits if the employer sustains its burden of proof.

This narrow exception requires that the Board's decision in the case sub judice be vacated and that the matter be remanded to the Board to conduct a hearing or to remand to the referee for a hearing to permit Preservation an opportunity to establish Howard's embezzlement of funds and that the embezzlement caused Preservation's budgetary problems which led to its decision to furlough Howard. If the Board finds that Howard's embezzlement caused Preservation's budgetary problems, the unemployment compensation benefits should be terminated and the fault overpayment issued by the Job Center reinstated. Accordingly, the order of the Board is vacated and this case is remanded to the Board for the purposes stated in this opinion.

### ORDER

AND NOW, this 25th day of March, 1996, the order of the Unemployment Compensation Board of Review is vacated, and this case is remanded to the Board with instructions to conduct a hearing or remand to the referee for a hearing to permit Preservation Pennsylvania an opportunity to present after-discovered evidence of its employee's embezzlement of funds from the organization in accordance with the foregoing opinion. If Preservation Pennsylvania sustains its burden of proof, the unemployment compensation benefits shall be terminated and the fault overpayment issued by the Job Center reinstated.

Jurisdiction relinquished.

DOYLE, Judge, dissenting.

Although I fully understand the causative factors underlying the result reached by the majority, I respectfully dissent to the decision to vacate the Board's order granting Claimant benefits. The majority erroneously creates an exception to Section 402(e) of the Law, 43 P.S. § 802(e), which allows Employer to introduce after-discovered evidence, discovered after Claimant's discharge, that Claimant engaged in willful misconduct and gives the Board the authority to deny benefits based on that evidence.

Section 402(e) of the Law states that a claimant is ineligible for benefits when his or her unemployment is "due to his **discharge** ... for willful misconduct." (Emphasis added.) This Court has long held that an employer has the burden of proving, not only that an employee engaged in willful misconduct, but also that the willful misconduct was the actual reason for the discharge. *Panaro v. Unemployment Compensation Board of Review*, 51 Pa.Cmwlth. 19, 413 A.2d 772 (1980). In the instant case, it is undisputed that Claimant was discharged solely for budgetary reasons, not for willful misconduct. In my view, the majority's holding that Employer may introduce after-discovered evidence of willful misconduct and that the Board may deny benefits based on that evidence, is contrary to the statute and numerous cases decided by this Court.

I recognize that the alleged willful misconduct in this case, if proven, is egregious, and somewhat ironic if it were found that it was Claimant's embezzlement of $50,000 from Employer which created the budgetary problems leading to her discharge. However, I do not believe that even these exceptional facts justify the creation of an exception to Section 402(e) of the Law and decades of case law.

Accordingly, I would affirm the Board's order granting Claimant benefits.[1]

PELLEGRINI and FRIEDMAN, JJ., join in this dissent.

---

1. While Claimant may be entitled to benefits in spite of her behavior, I note that, according to Employer, Claimant pled guilty to theft on November 10, 1994, and was subject to criminal sanctions including court ordered restitution. Further, Employer has other civil remedies, such as a civil suit for conversion, which it may pursue.