# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lylunette D. Bennett,              :
           Petitioner     :
                                :
     v.                      :   No. 1644 C.D. 2015
                                :   SUBMITTED:  July 29, 2016
Unemployment Compensation  :
Board of Review,             :
           Respondent   :

**BEFORE:**    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI**,** Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE HEARTHWAY            FILED:  September 26, 2016

Lylunette Bennett (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board), affirming a referee's denial of unemployment compensation benefits.  The denial was based on two findings: (1) that Claimant voluntarily left her employment without cause of a necessitous and compelling nature; and (2) that Claimant failed to show that she was able and available for suitable work.  We affirm.

Claimant was employed by Laboratory Corporation of America (Employer) as a patient service technician from October 18, 2012, until November 3, 2014.  Thereafter Claimant applied for benefits under the Unemployment

Compensation Law[1] (Law) on December 29, 2014. After reviewing Claimant's application, the Pennsylvania Department of Labor & Industry's Office of Unemployment Compensation Benefits determined that she was ineligible for benefits. Claimant appealed that determination. On February 19, 2015, a referee conducted a hearing on Claimant's appeal. Claimant did not appear, but a representative of Employer did appear and testify. Based on that testimony, the referee made the following findings of fact:

1.    The claimant worked full-time. . . until her last day worked on November 1, 2014. . . .

2.    The claimant was next scheduled to work on November 3, 2014.

3.    The claimant did not report to work that day.

4.    The claimant stopped reporting to work effective November 3, 2014.

. . .

6.    The employer attempted to call the claimant but the telephone number was disconnected.

7.    The claimant voluntarily terminated her employment when she stopped reporting to work.

(Certified Record (C.R.) Item No. 12.) Claimant did not contact Employer to discuss her disappearance until December 5, 2014. (C.R. Item No. 11, Notes of Testimony (N.T.) at 4.) The referee also noted that Claimant had been notified of the time and place of the hearing. (C.R. Item No. 12.) The referee concluded that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751-918.10.

2

Claimant was ineligible for unemployment compensation benefits under §§ 401(d)(1) and 402(b) of the Law.[2]

Claimant appealed the referee's decision to the Board, stating, "I would like to be given another opportunity to testify and present evidence to prove my case. Unfortunately I was late arriving for the hearing." (C.R. Item No. 13.) In response, the Board remanded the matter to the referee to conduct a hearing on Claimant's reason for failing to appear on February 19, 2015. (C.R. Item No. 16.)

Claimant appeared before the referee for such a hearing on April 16, 2015. Claimant testified that she did not appear in time for the previous hearing because she got lost. (C.R. Item No. 18, N.T. at 3.) She also testified that she did not attempt to telephone to explain to the referee that she was lost and would be late because she did not want to interfere with the GPS function on her phone. (*Id*.) Following consideration of Claimant's explanation for absence from the initial hearing before the referee on February 19, 2015, the Board determined that "the reason for the claimant's nonappearance does not rise to the level of good cause. . . ." (C.R. Item No. 21.) In its order of July 22, 2015, the Board also adopted the referee's factual findings and conclusion that the Claimant was ineligible for unemployment compensation benefits. (*Id*.)

Claimant now seeks review of the Board's determination.[3] Though the Rules of Appellate Procedure setting forth the specifications for appellate briefs

---

[2] The referee specifically determined that Claimant was ineligible because she failed to prove (1) that she was able and available for work; and (2) that she had a compelling and necessitous reason to leave her work.

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

apply to attorneys and *pro se* litigants alike, "this Court is generally inclined to construe *pro se* filings liberally." *Richardson v. Pennsylvania Insurance Department,* 54 A.3d 420, 425 (Pa. Cmwlth. 2012)(citation omitted).  If Claimant's brief is viewed through a wide and generous lens, she raises three issues on appeal.

First, Claimant challenges the Board's conclusion that she was not entitled to a second opportunity to present evidence after missing the hearing before the referee on February 19, 2015.  "It is well settled that the essential elements of due process in an administrative proceeding are notice and an opportunity to be heard."  *McFadden v. Unemployment Compensation Board of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002).

Claimant received advance notice of the date, hour and place of the hearing; she does not raise the issue of lack of notice.  But Claimant argues that she should have been given a second opportunity to be heard.  "If a party notified of the date, hour and place of a hearing fails to attend without proper cause, the hearing may be held in [her] absence."  34 Pa. Code § 101.51.  This Court has consistently held that a party's negligence does not constitute "good cause" for failure to appear at a hearing before a referee.  *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008) (citations omitted).  Claimant failed to appear because she got lost. Getting lost on the way to a hearing, without further extenuation, is not good cause for non-appearance.  Under these circumstances, the Board did not err by refusing to provide Claimant with a second opportunity to present evidence to the referee.

Second, Claimant argues that the Board erred in concluding that she was ineligible for benefits under § 402(b) of the Law, which states that an employee is ineligible for unemployment benefits when her unemployment "is due

4

to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." 43 P.S. § 802(b). Claimant states that she had such a reason for leaving her employment. However, as has been established, Claimant did not appear at the hearing on February 19, 2015, when she would have had an opportunity to introduce evidence to establish the existence of a necessitous and compelling reason to leave work. Claimant bears the burden of proving that the cause she asserts for voluntarily leaving employment is of a necessitous and compelling nature. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008). Claimant failed to meet this burden of proof.

Third, Claimant contends that the Board erred in finding that she was ineligible for benefits under § 401(d)(1) of the Law, which provides that one seeking unemployment compensation benefits must be "able to work and available for suitable work."[4] 43 P.S. § 801(d)(1). A person seeking unemployment compensation bears the burden of showing that she is available for suitable work. *Koba v. Unemployment Compensation Board of Review*, 370 A.2d 815, 816 (Pa. Cmwlth. 1977). The filing of a claim for benefits gives rise to a rebuttable presumption that an applicant is able and available for work. *GTE Products Corporation v. Unemployment Compensation Board of Review*, 596 A.2d 1172 (Pa. Cmwlth. 1991). The presumption may be rebutted by the presentation of evidence that a claimant is not "realistically attached to the labor force." *Scardina v. Unemployment Compensation Board of Review,* 537 A.2d 388, 390 (Pa.

---

[4] We note that because the Board properly determined that Claimant was not entitled to benefits under § 402(b) of the Law, it is legally irrelevant if she is also ineligible under another provision. Nevertheless, we address § 401(d)(1) as well in the interest of providing a complete review of Claimant's objections to the Board's determination.

Cmwlth. 1988). In this case, Employer introduced evidence that Claimant simply stopped reporting to work and did not contact Employer for more than a month. This evidence tends to show that Claimant was not realistically attached to the labor force and is sufficient to rebut the presumption that Claimant was available for work. Once the presumption was rebutted, Claimant had the burden of proving that she was available, but Claimant did not present any evidence. Accordingly, the Board did not err in determining that Claimant was ineligible for benefits under § 401(d)(1) of the Law.

For these reasons, we affirm.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lylunette D. Bennett, : 
                    Petitioner : 
            : 
       v. :   No. 1644 C.D. 2015
            : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# **O R D E R**

AND NOW, this 26th day of September 2016, we hereby affirm the order of the Unemployment Compensation Board of Review.

_____
JULIA K. HEARTHWAY, Judge