IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Freddy Peya,                          :
           Petitioner            :
                        :
        v.                    :
                        :
Unemployment Compensation             :
Board of Review,                      :  No. 87 C.D. 2017
           Respondent            :  Submitted: June 9, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE               FILED: December 20, 2017


        Freddy Peya (Claimant) petitions for review of the December 28, 2016 Decision and Order of the Unemployment Compensation Board of Review (Board) which found him ineligible for unemployment compensation benefits under Section 401(d)(1)[1] of the Unemployment Compensation Law (Law). Upon review, we affirm.

        Claimant was employed as a sous chef for Trattoria San Domenic, Inc. (Employer) from November 17, 2012 until September 3, 2016. On September 4, 2016, Claimant was injured in a car accident in which he broke his femur. Thereafter, Claimant took a leave of absence from his position with Employer.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1), which provides in relevant part that a claimant must be "able to work and available for suitable work…" to be eligible for unemployment compensation benefits.

Claimant submitted a claim for unemployment compensation benefits on September 11, 2016. On September 29, the Unemployment Compensation Service Center (Service Center) issued a Notice and Determination finding Claimant eligible for benefits under Section 402(b) of the Law[2], but ineligible under Section 401(d)(1) of the Law. Claimant appealed on October 11, 2016. Following a hearing before the Referee, a Decision and Order was issued affirming the determination of the Service Center. Claimant appealed the Referee's decision to the Board, which affirmed. This appeal followed.[3]

The issue before this Court is whether the Board's finding that Claimant was not able and available for suitable work was supported by substantial evidence.

## Discussion

Claimant argues that the finding of the Board that he was not able and available to work was arbitrary and capricious because the Board's reasoning is internally inconsistent. Claimant specifically points out the Board's conclusion that, under Section 402(b) of the Law, Claimant met his burden to show he is eligible for benefits in part because "there is no evidence to indicate that the claimant would be unavailable for work if reasonable accommodations could be made." (Certified Record (C.R.), Item 12, Board's Decision and Order at 2.) However, the Board further concluded that, under Section 401(d)(1) of the Law, "the Claimant failed to present sufficient, credible evidence to establish that he is, in fact, able and available

---

[2] 43 P.S. 802(b).

[3] Our review of the Board's Order is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006 (Pa. Cmwlth. 2014).

for suitable work." *Id.* at 3. Claimant argues that the Board simultaneously found him eligible and ineligible on grounds of his ability and availability to work, and thus the finding was arbitrary.

The Board argues that the findings are consistent, and supported by substantial evidence, and therefore they are not arbitrary or capricious. Sections 401(d)(1) and 402(b) of the Law provide different standards for eligibility.[4] The Board contends that a claimant can be found eligible under some standards, and ineligible under others without the decision being internally inconsistent.

Once a claimant files a claim for benefits, it is presumed he is able and available for work. *Hamot Medical Center v. Unemployment Compensation Board of Review*, 645 A.2d 466 (Pa. Cmwlth. 1994). That presumption is rebuttable by evidence that a claimant's physical condition limits the type of work which he is available to accept. *Molnar v. Unemployment Compensation Board of Review*, 397 A.2d 869 (Pa. Cmwlth. 1979). If the presumption is rebutted, "the burden shifts to the claimant to produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work." *Rohde v. Unemployment Compensation Board of Review*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). The claimant need not be available for full-time or permanent work, or available for his most recent work or customary job, but the claimant must show that he "is ready, willing, and able to accept some suitable work." *Id.* While Claimant may have proven he had valid medical reasons for voluntarily leaving his employment, he still must prove he was able and available for work.

---

[4] Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without a cause of a necessitous and compelling nature. 43 P.S. §802(b). Section 401(d)(1) states that compensation shall be payable to any employee who is or becomes unemployed, and who is able to work and available for suitable work. 43 P.S. §801(d)(1).

Presently, Claimant indicated in his Internet Initial Claim that he was not able or available for work because he was bedridden. (C.R., Item 2, Claimant Separation Information at 4.) In a subsequent oral interview, when asked if Employer knew Claimant could not work, Claimant stated, "He knows, he came to visit me. I told him I can not [sic] work." (C.R., Item 4, Claimant Record of Oral Interview.) These documents were entered without objection at the November 4, 2016 hearing before the Referee. (C.R., Item 9, Transcript of Testimony (T.T.) at 2.) At the hearing, Claimant submitted a letter dated September 29, 2016 from his treating physician, in which his physician stated Claimant was not cleared to return to work. (Exhibit C1.) Claimant testified he could "get around," and he asked Employer for a job where he could sit down. (T.T. at 4.) However, that testimony related to his abilities as of the November 4, 2016 date of the hearing, and not the week in which Claimant applied for benefits.

Claimant filed for unemployment compensation benefits on September 11, 2016 for the week ending September 17, 2016. When Claimant indicated in his Initial Internet Claim that he was not able or available for work because he was bedridden, any presumption he was able and available for work the week ending September 17, 2016 was rebutted. Claimant presented no evidence he was able to do some type of work for the week ending September 17, 2016.[5] In its decision and Order, the Board's finding of ineligibility applied to the week ending September 17, 2016. The Board stressed, however, that "**the determination of whether a claimant is able and available for suitable work is a week-to-week test. Although the claimant is ineligible under Section 401(d)(1) of the Law for the weeks at issue, his eligibility for subsequent weeks may change if there is a**

---

[5] A different result would occur had Claimant indicated a reasonable accommodation would be requested to effectuate his ability to work.

**change in circumstances.  Accordingly, should the claimant become able and available for subsequent weeks not already ruled on by the Service Center, he should provide such information to the Service Center**.” (C.R., Item 12, Board's Decision and Order at 3.) (emphasis in original.)  While we are compelled to affirm the order of the Board, nothing in this opinion should be construed as prohibiting Claimant from seeking benefits for those weeks in which he was able and available for suitable work and actively seeking such work.

For these reasons, the order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Freddy Peya,                              :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Unemployment Compensation                :
Board of Review,                         :      No. 87 C.D. 2017
                    Respondent           :

# O R D E R

AND NOW, this 20th day of December, 2017, the December 28, 2016 order of the Unemployment Compensation Board of Review is hereby affirmed.

_____
JOSEPH M. COSGROVE, Judge